UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**RAILEY M. PETERS**                                                             **CIVIL ACTION**

**VERSUS**                                                                              **NO: 11-1580-ILRL-SS**

**SOCIAL SECURITY**
**ADMINISTRATION**

**REPORT AND RECOMMENDATION**

On July 5, 2011, the plaintiff, Railey M. Peters ("Peters"), filed a complaint for race and age discrimination arising out of her employment with the Social Security Administration, Office of Disability Adjudication and Review. Peters is proceeding in proper person. The defendants are: (1) Michael J. Astrue, Commissioner, Social Security Administration ("Commissioner"); (2) Joan Parks-Saunders, Regional Chief Administrative Law Judge; (3) Michael Hertzig, Hearing Office Chief Administrative Law Judge; and (4) Erin Dufour, Hearing Office Director.

The defendants contend that in a federal sector employment discrimination lawsuit, the correct defendant is the head of the federal agency for whom the aggrieved employee works. Honeycutt v. Long, 861 F.2d 1346, 1349 (5th Cir. 1988). Accordingly, only the Commissioner should have been named as a defendant. They moved to dismiss the remaining defendants.

Peters describes her efforts with the Clerk's Office to complete the complaint and its caption and her communications with the EEOC on how to proceed with her lawsuit. Peters appears to be concerned that if the defendants' motion is granted, the allegations concerning Joan Parks-Saunders, Michael Hertzig and Erin Dufour will be dismissed. The allegations of fact upon which Peters bases her claims for race and age discrimination are not affected by this motion to dismiss.

## RECOMMENDATION

Accordingly, IT IS RECOMMENDED that: (1) the defendants' motion to dismiss improperly joined defendants (Rec. doc. 22) be GRANTED; and (2) Joan Parks-Saunders, Regional Chief Administrative Law Judge, Michael Hertzig, Hearing Office Chief Administrative Law Judge, and Erin Dufour, Hearing Office Director, be dismissed as defendants.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 26th day of October, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**